# CHRISTINA WENTE, RESPONDENT, v. MARY YOUNG AND PETER YOUNG, APPELLANTS.

*Actions by—in bankruptcy—jurisdiction of State courts in.*

Section 2 of chapter 178 of the acts of Congress of 1874, providing "that the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands, shall, when such debt does not exceed $500, be collected in the courts of the State where such bankrupt resides, having jurisdiction of claims of such nature and amount," simply permits the federal courts to decline to entertain actions brought to recover legal assets not exceeding that amount, and does not in any way limit or take away the jurisdiction of the State courts. (TALCOTT, J., dissenting.)

Section 711 of the United States Revised Statutes, which provides that the jurisdiction of the United States courts in "all matters and proceedings in bankruptcy" shall be exclusive of the courts of the several States, does not extend to actions by assignees in bankruptcy to collect the assets of the bankrupt (TALCOTT, J., dissenting.)

Under the provision of the Revised Statutes of the United States, as amended by said act of 1874, the State courts have concurrent jurisdiction with the federal courts over all actions brought by an assignee to collect the assets of the bankrupt, whether legal or equitable, and without regard to the amount thereof. (TALCOTT, J., dissenting.)

*Goodrich* v. *Wilson* (119 Mass., 429) followed.

*Frost* v. *Hotchkiss* (1 Abb. N. C., 27) and *Olcott* v. *Maclean* (10 Hun, 277) not followed.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This is an action in the nature of a creditor's bill, to set aside a conveyance of real estate alleged to be fraudulent as against the creditors of the grantor. The plaintiff is the owner of a judgment against the grantor, for seventy-seven dollars damages, and costs, recovered 12th January, 1875, in a court of a justice of the peace, by Henry E. Warne, as assignee in bankruptcy of one Clemenz Wente, and assigned by Warne to the plaintiff. Warne was appointed assignee of the bankrupt by an order of the District Court of the United States for the northern district of New York, 7th October, 1874. No order was made by the District Court directing the assignee to bring such action in a State court. This cause was tried by a referee and the plaintiff recovered a judgment for the relief demanded in her complaint.

*Hunt & Weaver*, for the appellants.

*Wilkin & Stone*, for the respondent.

SMITH, J.:

The several members of the court concur in the opinion that this case should be affirmed, unless it is to be held that the judgment recovered in the Justice's Court is void, by reason of want of jurisdiction in the State courts to entertain a suit brought by an assignee in bankruptcy to recover assets belonging to the bankrupt's estate. A majority of the court are of the opinion that the Justice's Court had jurisdiction to render the judgment.

Whatever power congress may possess, under the Constitution of the United States, to confer upon the federal courts exclusive jurisdiction of matters in bankruptcy, and whatever actions and

proceeding such matters may include, it is well settled that prior to the adoption of the Code, known as " The Revised Statutes of the United States," which was approved on the 22d of June, 1874, the courts of the several States had jurisdiction to entertain actions brought by assignees appointed by the federal courts in bankruptcy, to collect assets belonging to the estates of their bankrupts. (*Cook* v. *Whipple*, 55 N. Y., 150 ; *Eyster* v. *Gaff and others*, 91 U. S. R., 521.)

It is insisted by the appellant's counsel that certain provisions of the Revised Statutes have the effect to divest the State courts of their jurisdiction to entertain actions of that description. It is not claimed that the revision contains any express enactment to that effect, but that the result contended for is necessarily to be implied from certain provisions contained in the statutes as revised. Section 711, which is most relied on, provides that " the jurisdiction vested in the courts of the United States, in the cases and proceedings thereinafter mentioned, shall be exclusive of the courts of the several States ; " and it then proceeds to enumerate eight classes of cases to which its provisions apply, the sixth of which is, " all matters and proceedings in bankruptcy." That section does not aid the appellant, unless the words, " all matters and proceedings in bankruptcy," as used therein, were intended to include actions brought by assignees, to collect the assets of bankrupts. We do not think that was the intention. On the contrary, we regard the section as merely declaratory of the law as it had been laid down by the courts, State and federal, and as it existed at the time of the revision. Prior to, and at that time, the federal courts had exclusive jurisdiction in each of the eight classes of cases mentioned in section 711, including matters and proceedings in bankruptcy, strictly so called ; but actions by assignees to collect the assets of the bankrupt were not included in that category, but were regarded as ancillary to, and in aid of, the proceedings in bankruptcy, and in respect to them the State courts and the Federal courts had concurrent jurisdiction.

But it is contended that section 4972 of the revision defines the term, " all matters and proceedings in bankruptcy," as used in section 711. We do not so understand it. That section is not new. It is almost a literal transcript of section 1 of the act of 1867 (chapter 176), under which the concurrent jurisdiction of the State

and federal courts was judicially recognized and affirmed. The section does not profess to define the meaning of the words in question. It declares to what cases the jurisdiction conferred upon the district courts, as courts of bankruptcy, shall extend, including, among others, "the collection of all the assets of the bankrupt," but it does not declare that in all cases to which the jurisdiction is so extended it shall be exclusive. That the provision of the section relating to the collection of assets was designed to extend the jurisdiction of district courts to cases not strictly embraced within the words, "all matters and proceedings in bankruptcy," is reasonably to be inferred, not only from the language of the section itself, but also from the consideration that, unless so designed, the provision was wholly unnecessary, for, by a previous section (section 563, subd. 18), the district courts were vested with original jurisdiction in "all matters and proceedings in bankruptcy," in their respective districts. Section 4972 includes not only matters of which the district courts, as courts of bankruptcy theretofore had exclusive jurisdiction, but also those in respect to which a concurrent jurisdiction was possessed by the State courts. Except for its provisions giving the district courts jurisdiction to collect the assets of the bankrupt, and to determine controversies between the bankrupt and his creditors, it may well be doubted whether the district courts would have had jurisdiction of an action by the assignee to collect a debt due to the bankrupt, when both parties were citizens of the same State; as was said by GROVER, J., in *Whipple* v. *Cook* (*supra*), of the similar provisions in the act of 1867. We find nothing in the language of the Revised Statutes which, in our judgment, warrants the conclusion that they were intended to take away or impair the jurisdiction of the State courts, in actions of the nature above stated, as it existed at the time of their adoption.

The appellant also relies on the act of 1874 (page 178, § 2) which amended section 1 of the act of 1867, by adding to it the following words: "Provided, that the court having charge of the estate of any bankrupt may direct that any of the legal assets or debts of the bankrupt, as contradistinguished from equitable demands, shall, when such debt does not exceed $500, be collected in the courts of the State where such bankrupt resides, having jurisdiction of claims of such nature and amount." The only effect

of that amendment, as we read it, is to permit the federal courts to decline to entertain actions brought to recover legal assets of a bankrupt, not exceeding $500 in amount. It does not limit or take away the jurisdiction of the State courts, but it authorizes the federal courts, in their discretion, to relieve themselves of a class of cases which, it may be supposed, can be more conveniently disposed of in the State courts. Subject to the authority thus conferred, the concurrent jurisdiction of the federal and State courts over all actions brought by an assignee to collect the assets of the bankrupt, whether legal or equitable, and of whatever amount, remains as it was before the amendment. The amendment and the Revised Statutes were passed at the same session, and were approved on the same day, and they are to be read together, so far as they are *in pari materia*. It seems to us their obvious meaning is, that the federal courts have exclusive jurisdiction of all matters and proceedings strictly in bankruptcy; that they have concurrent jurisdiction with the State courts of actions which are plenary or ancillary to the proceedings in bankruptcy, among which are actions by assignees to collect the assets of their bankrupts; and that as to such actions, they may, in their discretion, direct them to be brought in the State courts, when the subject of the action is of a legal nature, and does not exceed $500 in amount.

If congress has power, under the Constitution, to divest the State courts of their jurisdiction over a class of ordinary common-law actions, by reason of the fact that one of the parties has, or claims, title to the subject-matter of the action, through an adjudication in bankruptcy (a point which it is not necessary to consider in this case), it is but reasonable to expect that the intent to exercise the power will be expressed in direct and unambiguous language, and will not be left to doubtful construction.

We have not overlooked the decisions of our brethren in the first and second departments, in the cases of *Frost* v. *Hotchkiss* (1 Abb. N. Cas., 27) and *Olcott* v. *Maclean* (10 Hun, 277), holding that the State courts have not jurisdiction in actions of this nature.

In *Frost* v. *Hotchkiss* no reasons are given for the decision, except that an opinion is expressed that the jurisdiction was taken away by the United States Revised Statutes; while in *Olcott* v. *Maclean* the conclusion of the learned judge who wrote the opinion is based

entirely upon the effect of the amendment of 1874. They are the only cases in this State of which we are informed, in which the question has been passed upon. As they appear to have proceeded upon different grounds, we have felt it our duty, in consideration of the importance of the question, to treat it as *res nova.* The views we entertain are in accordance with those of the Supreme Court of Massachusetts, in the case of *Goodrich* v. *Wilson* (119 Mass., 429). The judgment should be affirmed.

MULLIN, P. J., concurred.

TALCOTT, J. (dissenting) :

This action is in the nature of a creditor's bill to set aside a conveyance of real estate in the city of Syracuse, made by the defendant, Peter Young, to his wife, Mary Young, on the ground that it was made to hinder, delay and defraud the creditors of said Peter. The referee has reported in favor of the plaintiff holding the conveyance invalid for the causes assigned in the complaint. I am of the opinion that the plaintiff occupies no such position as enables her to attack the conveyance as a fraud on creditors.

The plaintiff claims the right to impeach the conveyance by reason of the following circumstances : On the 7th of October, 1874, Henry E. Warner was appointed the assignee in bankruptcy of one Clemenz Wente, by an order of the District Court of the United States for the Northern District of New York, and as such assignee he afterwards recovered a judgment in a Court of the Justice of the Peace of Onondaga county, against the defendant Peter Young, for an indebtedness due to the estate of Wente, the bankrupt. A transcript of said judgment was filed in the office of the clerk of Onondaga county, and an execution issued thereon which was returned wholly unsatisfied. The judgment was subsequently assigned to the plaintiff in this action, and upon the judgment and return of *nulla bona*, the plaintiff bases her claim to institute this action to set aside the conveyance mentioned in the complaint as a fraud upon creditors.

The answer, among other things, denies the jurisdiction of the justice to render the judgment in question. On the trial it was admitted, and is found by the referee, that no order was made by the

District Court of the United States, having charge of the proceed-
ings in bankruptcy, whereby the assignee in bankruptcy was per-
mitted to bring the action in which the said judgment was obtained
in a State court. It is well settled that a creditor at large, without
a specific lien, cannot impeach a conveyance of real estate as fraud-
ulent as against creditors. The question is, therefore, fully presented,
whether the assignee in bankruptcy, suing as such, to recover the
assets of the bankrupt, could bring action in the Justice's Court of
the State without leave of the District Court of the United States,
and whether in such a case the Justice's Court had jurisdiction of
the subject-matter, or whether the judgment rendered by him is not
wholly void for want of jurisdiction.

It does not appear whether the judgment recovered was rendered
on default, or whether the defendant in that suit appeared and
answered, but however this fact may have been, it could probably
make no difference in regard to the question of jurisdiction, since
consent cannot confer jurisdiction upon a State court to entertain
an action in relation to a subject-matter, as to which jurisdiction is
vested exclusively in the courts of the United States. (*Dudley* v.
*Mayhew*, 3 Comst., 9.) By section 711 of the Revised Statutes of
the United States in force from the 1st of December, 1873 (see
§ 5595), and when the assignee in bankruptcy was appointed, it
is provided that "the jurisdiction vested in the courts of the United
States in the cases and proceedings hereinafter mentioned, shall be
exclusive of the courts of the several States." Subdivision 6 of
the same section specifies as among those cases and proceedings
"all matters and proceedings in bankruptcy."

The expression "all matters and proceedings in bankruptcy" is
somewhat vague and indefinite, and might be supposed to refer only
to the proceedings provided by the bankrupt law, touching the
commencement and conduct of proceedings, for the purpose of
having a party declared a bankrupt, appointing an assignee, notify-
ing creditors and the like, which are generally characterized as the
practice in bankruptcy cases. Though an enactment confining the
jurisdiction in such cases exclusively to the courts of the United
States would seem to be wholly unnecessary and inoperative, since
the power to institute those proceedings is created by the bankrupt
law of congress, and the powers conferred thereby in regard to the

proceedings, are confered wholly upon the District Courts of the United States.

It is intimated in *Cook* v. *Whipple* (55 N. Y., 150, op., p. 161), that the language giving to the District Courts of the United States, jurisdiction of all matters and proceedings in bankruptcy has relation only to the proceedings adjudging one a bankrupt, vesting the title to his property in an assignee, etc. The case of *Cook* v. *Whipple* arose before the passage of the United States Revised Statutes, and the question then was, whether the State courts were deprived of their original jurisdiction in matters of law and equity by the provisions of the bankrupt law as originally passed in 1867, which contained no words of exclusion. And it was held that the State courts were not deprived of such jurisdiction because the act of congress contained no language conferring exclusive jurisdiction upon the courts of the United States.

But the Supreme Court of the United States seems to have taken a different view of the meaning of the expression, "all matters and proceedings in bankruptcy," from that which was suggested in *Cook* v. *Whipple* in the case of *Lathrop Assignee, etc.,* v. *Drake et al.* (1 Otto, 516). The original bankrupt act (14 U. S. Stat. at Large, 517), by the first section, conferred upon the District Court jurisdiction of "all matters and proceedings in bankruptcy," and then, in the latter part of the same section, went on to specify the matters of which the said court should have jurisdiction, as follows : "And the jurisdiction hereby conferred shall extend to all cases and controversies arising between the bankrupt and any creditor or creditors who shall claim any debt or demand under the bankruptcy ; to the collection of all the assets of the bankrupt ; to ascertainment and liquidation of the liens or other specific claims thereon," etc., substantially as now specified in section 4972 of the Revised Statutes. The act of 1867, it is seen, speaks of the jurisdiction thereby conferred, obviously referring to the jurisdiction conferred by the words "all matters and proceedings in bankruptcy" in the same action. The case of *Lathrop* v. *Drake* (*supra,*) involved the question whether, under the act of 1867, the District and Circuit Courts had jurisdiction in suits brought by assignees appointed in other districts. BRADLEY, J., delivering the opinion of the court, speaking of this jurisdiction of the District Court conferred by the words " all

matters and proceedings in bankruptcy " says, " of this " jurisdiction of the District Courts "there are two distinct classes. First, jurisdiction as a Court of Bankruptcy over the proceedings in bankruptcy initiated by the petition and ending in the distribution of assets among the creditors, and the discharge or refusal of a discharge of the bankrupt. Secondly, jurisdiction as an ordinary court, of suits at law or in equity brought by or against the assignee in reference to alleged property of the bankrupt, or to claims alleged to be due from or to him. The language conferring this jurisdiction of the District Courts is very broad and general. It is that they shall have original jurisdiction in their respective districts *in all matters and proceedings in bankruptcy.* The various branches of this jurisdiction are *afterwards specified,* resulting, however, in the two general classes before mentioned."

From this, I understand that the Supreme Court of the United States intends to hold, that the entire jurisdiction more particularly specified in the subsequent part of section 1 of the act of 1867, and which is now specified in section 4972 of the Revised Statutes, was in fact embraced and included in the expression, " all matters and proceedings in bankruptcy." That these latter are the "broad and general" terms by which the jurisdiction was conferred which was afterwards more particularly described — thus putting a more enlarged construction upon the expression " all matters and proceedings in bankruptcy," than that suggested by GROVER, J., in *Cook* v. *Whipple* (*supra*), and that in order to ascertain the full meaning and intention of the legislature as to what is included in the expression " all matters and proceedings in bankruptcy," as contained in section 711, we must have recourse to those provisions of the Revised Statutes, which again enact a more specific description of the cases in which such jurisdiction arises. It is to be remembered that the provision of section 711, confining the jurisdiction " of all matters and proceedings in bankruptcy " to the courts of the United States so far, are an amendment of and addition to the bankrupt law of 1867, and that under the law of 1867, it had been held that actions might be maintained in the State courts by and against assignees in bankruptcy as such, drawing in question in various ways his rights, powers and duties as such assignee, and involving all conceivable questions respecting the liens and priorities of the creditors of the bankrupt, and

in respect to the marshaling of the assets of the estate, and that various and more or less conflicting decisions bearing on this subject had been made in the judicial tribunal of the thirty-eight States, which much detracted from the "uniformity" of the system designed to be inaugurated by the bankrupt law, but it had not been attempted to commence or carry on bankrupt proceedings, strictly so called, within the suggestion so enunciated in *Cook* v. *Whipple*, in any of the State courts, nor was it anywhere claimed that the State courts had any jurisdiction to entertain any such proceedings.

It was well settled that congress might, if it should deem it desirable so to do, confer upon the courts of the United States exclusively, the jurisdiction to entertain any suits or proceedings touching the rights, assets or estate of the bankrupt, and the rights and powers of the assignee. (*Dudley* v. *Mayhew*, 3 Comst. ; *Claflin* v. *Houseman*, 3 Otto, 130.) If "all matters and proceedings in bankruptcy" embraced and includes the collection of the assets of the bankrupt estate, then it is undeniable that jurisdiction of actions for that purpose is inhibited to the State courts, except in cases in which the District Court shall permit such actions to be brought in the State courts in the cases provided in the amendment June 22, 1874, whereby was added a proviso to subdivision 6 of section 4972, to the effect that the court having charge of the estate of any bankrupt may direct that any legal assets or debts due the bankrupt, as contradistinguished from equitable demands, shall, when such debt does not exceed $500, be collected in the courts of the State where such bankrupt resides, having jurisdiction of claims of such nature and amount. This amendment seems to afford evidence that congress well understood that the "matters and proceedings in bankruptcy" mentioned in section 711 included, in accordance with the decision in *Lathrop* v. *Drake* (*supra*), all those matters which are more particularly specified in section 4972. The conclusion that the effect of the Revised Statutes is to confer upon the United States courts exclusive jurisdiction in such matters, has been reached by the General Terms of two of the departments in this State since the passage of those statutes. (*Frost* v. *Hotchkiss*, 1 Abb. N. C., 27 ; *Olcott* v. *McLean*, 10 Hun, 277.)

I am aware that the Supreme Court of Massachusetts has reached a different conclusion, and perhaps the question is not free from

doubt, but in this diversity of judicial opinion, I think it better to follow the decision of the two General Terms of our own State, rather than that of the Court of Massachusetts, especially as the reasoning of the latter court seems to be fallacious.

The Massachusetts court seems to hold that the right of the District Courts to direct certain actions to be brought in the State courts by the amendment of 1874, was solely to confer upon the district courts the power to rid themselves of litigation before them in the cases which are embraced within the amendments, but if so, why the limitation as to the amount, and also in respect to the nature of the cases, as legal demands only, as contradistinguished from equitable? Do not those limitations rather indicate that congress intended that the more important and intricate questions arising out of a bankruptcy, should be retained to be disposed of by the courts of the United States, presumed to be more familiar with the scope and effect of the bankrupt law, and better calculated to administer its various provisions, with a degree of uniformity scarcely to be expected from the courts of the various States, or perhaps the amendment was adopted in view of the fact that the cases specified, might be prosecuted in the inferior tribunals of a State at much less expense than in the courts of the United States, at all events, it seems to me that the amendment of June 22, 1874, affords the occasion for the application of the rule, " *expressio unius exclusio est ulterius.*"

The case at bar is apparently one in which the District Court of the Northern District of New York might have ordered the collection of the demand in favor of the bankrupt, against Peter Young, by the assignee in bankruptcy of Clemenz Wente in the State court, but not having seen fit to do so as in this case expressly appears, the Justice's Court which rendered the judgment against Peter Young, which the plaintiff claims by assignment, did not have jurisdiction of the subject-matter, and the judgment was consequently void. It follows that the plaintiff in this suit has no right upon the basis of that void judgment and execution to call in question the validity of the conveyance from Peter Young to his wife, for want of any specific lien upon the property in case the deed should be declared void. The difficulties which exist in the case cannot be cured upon a new trial, and therefore, for the foregoing reason, I

am in favor of reversing the judgment and dismissing the com·plaint.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.